## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **CLAY DAVIS, Plaintiff** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 2:18-cv-00128** |
| | § | **JURY DEMAND** |
| **INTERNATIONAL PAPER COMPANY,** | § | |
| **MANCEL SPRAYBERRY,** | § | |
| **JOHN SPRAYBERRY d/b/a** | § | |
| **JWK LOGGING AND SCOTTY PRINCE** | § | |
| **d/b/a PINELAND FORESTRY SERVICES** | § | |
| **Defendants** | § | |

### PLAINTIFF'S THIRD AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Clay Davis, Plaintiff, and files this his Third Amended Original Complaint against Defendants, International Paper Company, Mancel Sprayberry, John Sprayberry d/b/a JWK Logging and Scotty Prince d/b/a Pineland Forestry Services, and for such cause of action would respectfully show the Court as follows:

### PARTIES

### I.

Plaintiff, Clay Davis, resides in Doddridge, Arkansas and is a citizen of the State of Arkansas.

**PLAINTIFF'S THIRD AMENDED ORIGINAL COMPLAINT – PAGE 1 OF 14**

II.

Defendant, International Paper Company, is a corporation doing business in the State of Texas.  Defendant, International Paper Company, is a New York corporation with its principal place of business in the State of Tennessee.  Defendant, International Paper Company, has already answered herein and no further service is necessary at this time.

III.

Defendant, Mancel Sprayberry, is an individual residing in Atlanta, Texas.  Defendant Sprayberry is a citizen of the State of Texas.  Defendant Sprayberry has already answered herein and no further service is necessary at this time.

IV.

Defendant, John Sprayberry d/b/a JWK Logging, is an individual doing business in the State of Texas.  Defendant, John Sprayberry, is a citizen of the State of Texas.  Defendant, John Sprayberry, has already answered herein and no further service is necessary at this time.

V.

Defendant, Scotty Prince d/b/a Pineland Forestry Services, is an individual residing in McLeod, Texas.  Defendant Prince is a citizen of the State of Texas.  Defendant, Scotty Prince d/b/a Pineland Forestry Services, has already answered herein and no further service is necessary at this time.

**JURISDICTION**

VI.

Jurisdiction is conferred upon this Court by 28 U.S.C. §1332 relating to diversity jurisdiction.  This is an action between a citizen of the State of Arkansas, Plaintiff Davis, and

**PLAINTIFF'S THIRD AMENDED ORIGINAL COMPLAINT – PAGE 2 OF 14**

Defendant Mancel Sprayberry, a citizen of the State of Texas, Defendant, John Sprayberry, a citizen of the State of Texas, Defendant, International Paper, incorporated in the state of New York with its principal place of business in the State of Tennessee, and Defendant, Scotty Prince, a citizen of the State of Texas.  There is complete diversity of citizenship.  The amount in controversy exceeds $75,000.00.

## VENUE

### VII.

Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §1391(b)(1) and (2).  A substantial part of the events or omissions giving rise to the claims which are the subject of this suit occurred in the Eastern District of Texas, Marshall Division.  This cause arises out of a motor vehicle collision which occurred in Cass County, Texas.  Defendant, Mancel Sprayberry, resides in Cass County, Texas.  Defendant, John Sprayberry, resides in Cass County, Texas. Defendant, Scotty Prince, resides in Cass County, Texas.  Accordingly, venue is proper in the Marshall Division of the United States District Court for the Eastern District of Texas.

## FACTUAL BASIS FOR COMPLAINT

### VIII.

On November 30, 2017, Plaintiff, Clay Davis, was riding on a motorcycle and proceeding west on FM 3129 in Cass County, Texas.  Defendant, Mancel Sprayberry, was driving a logging truck which was proceeding east on FM 3129.  Without warning, Defendant, Mancel Sprayberry, turned left into the path of the oncoming motorcycle ridden by Plaintiff Davis.  Defendant, Mancel Sprayberry, was delivering logs to a plant operated by Defendant, International Paper. Plaintiff Davis collided with the trailer being pulled by the tractor driven by Defendant, Mancel

**PLAINTIFF'S THIRD AMENDED ORIGINAL COMPLAINT – PAGE 3 OF 14**

Sprayberry.  The tractor/trailer being operated by Defendant, Mancel Sprayberry, constituted a commercial motor vehicle.

IX.

Defendant, John Sprayberry d/b/a JWK Logging, retained Defendant, Mancel Sprayberry, and the tractor/trailer being operated by Defendant, Mancel Sprayberry, to transport wood and equipment for compensation. Defendant, Mancel Sprayberry, was in the course of such employment at the time of the collision which is the subject of this suit.

X.

Defendant, Scotty Prince d/b/a Pineland Forestry Services, retained Defendants, John Sprayberry d/b/a JWK Logging and Mancel Sprayberry, to transport wood and operate the tractor/trailer in question for compensation.  Defendants, John Sprayberry and Mancel Sprayberry, were in the course of such employment at the time of the collision which is the subject of this suit.

XI.

Defendant, International Paper Company, retained Defendants, Scotty Prince d/b/a Pineland Forestry Services, John Sprayberry d/b/a JWK Logging and Mancel Sprayberry, to transport wood and operate the tractor/trailer in question for compensation.  Defendants, Scotty Prince, John Sprayberry d/b/a JWK Logging and Mancel Sprayberry, were in the course of such employment at the time of the collision which is the subject of this suit.

XII.

At all times material hereto, the tractor/trailer operated by Defendant, Mancel Sprayberry, had been repeatedly and consistently operated in violation of applicable federal, state and safety

**PLAINTIFF'S THIRD AMENDED ORIGINAL COMPLAINT – PAGE 4 OF 14**

regulations, policies and procedures. At all times material hereto, Defendants knew or should have known that the tractor/trailer was being operated in violation of applicable federal, state and safety regulations, policies and procedures.

XIII.

At all times material hereto, Defendant, Mancel Sprayberry, was a statutory employee of Defendants, John Sprayberry d/b/a JWK Logging, Scotty Prince d/b/a Pineland Forestry Services, and International Paper Company. Defendant, Mancel Sprayberry, was in the course of such employment at the time of the collision which is the subject of this suit.

XIV.

At all times material hereto, Defendant, Mancel Sprayberry, was operating the tractor/trailer and transporting cargo while subject to the right and control of Defendants, John Sprayberry d/b/a JWK Logging, Scotty Prince d/b/a Pineland Forestry Services, and International Paper, as to the means, methods and details of such work.

XV.

At all times material hereto, Defendant, John Sprayberry d/b/a JWK Logging was a statutory employee of Defendants, Scotty Prince d/b/a Pineland Forestry Services and International Paper Company.  At all times material hereto, Defendant, John Sprayberry d/b/a JWK Logging, was in the course of such employment.

XVI.

At all times material hereto, Defendant, John Sprayberry d/b/a JWK Logging, was engaged in transporting cargo while subject to the right and control of Defendants, Scotty Prince d/b/a Pineland Forestry Services and International Paper Company, as to the means, methods and

**PLAINTIFF'S THIRD AMENDED ORIGINAL COMPLAINT – PAGE 5 OF 14**

details of such work.

## XVII.

At all times material hereto, Defendant, Scotty Prince d/b/a Pineland Forestry Services, was engaged in transporting cargo while subject to the right and control of Defendant, International Paper, as to the means, methods and details of such work.

## XVIII.

At all times material hereto, Defendants were motor carriers as that term is defined in the applicable federal and state regulations.  Specifically, Defendants were individuals, associations, corporations or other legal entities that controlled, operated or directed the operation of one or more vehicles to transport cargo over roads and highways.  Defendants provided motor vehicles for transporting cargo for compensation.  Defendants were engaged in the transportation of cargo which Defendants were authorized to transport, which Defendants had accepted for transport, which Defendants were legally obligated to transport and for which Defendants were compensated.

## XIX.

Defendants, Mancel Sprayberry, John Sprayberry d/b/a JWK Logging and Scotty Prince d/b/a Pineland Forestry Services, repeatedly and consistently operated, directed and/or controlled tractors/trailers transporting wood, including but not limited to the tractor/trailer which is the subject of this suit, in violation of the applicable federal, state and safety rules, regulations and policies, including but not limited to the applicable weight limits for such commercial vehicles.

## XX.

The tractor/trailer which is the subject of this suit was loaded by Defendant, John

**PLAINTIFF'S THIRD AMENDED ORIGINAL COMPLAINT – PAGE 6 OF 14**

Sprayberry d/b/a JWK Logging, or his employees in the course of their employment. Defendants knew that Defendant, John Sprayberry d/b/a JWK Logging, and/or his employees in the course of their employment, consistently and repeatedly loaded the tractors/trailers used in rendering the transport of wood services in violation of the applicable federal, state and safety rules, regulations and policies, including weight limits.

XXI.

Defendants, John Sprayberry d/b/a JWK Logging, Scotty Prince d/b/a Pineland Forestry Services and International Paper, each had the right to control the acts, omissions and conduct of Defendant, Mancel Sprayberry, with regard to the methods, means and details of his operation of the tractor/trailer which is the subject of this suit and the transport and delivery of wood, including but not limited to violations of the applicable federal, state and safety rules, regulations and policies.

XXII.

Defendants, Scotty Prince d/b/a Pineland Forestry Services and International Paper, each had the right to control the acts, omissions and conduct of Defendant, John Sprayberry d/b/a JWK Logging, with regard to the methods, means and details of his operation of the tractor/trailer which is the subject of this suit and the transport and delivery of wood, including but not limited to the violations of the applicable federal, state and safety rules, regulations and policies.

XXIII.

Defendant, International Paper, had the right to control the acts, omissions and conduct of Defendant, Scotty Prince d/b/a Pineland Forestry Services, with regard to the methods, means

**PLAINTIFF'S THIRD AMENDED ORIGINAL COMPLAINT – PAGE 7 OF 14**

and details of the transport and delivery of wood, including but not limited to the violations of

the applicable federal, state and safety rules, regulations and policies.

XXIV.

In spite of their right of control and the fact that Defendants knew or should have known

of the repeated and consistent violations of the applicable safety rules, regulations and policies,

Defendants failed to take corrective actions and in fact, Defendants, John Sprayberry d/b/a JWK

Logging, Scotty Prince d/b/a Pineland Forestry Services, and International Paper, induced,

encouraged, compensated and provided incentives for the violations of such safety rules,

regulations and policies.

XXV.

Defendants, John Sprayberry d/b/a JWK Logging, Scotty Prince d/b/a Pineland Forestry

Services and International Paper, knew or should have known that their employees and/or alleged

contractors, including Defendant, Mancel Sprayberry, were reckless, unsafe, consistently

violating the applicable federal, state and safety rules, regulations and policies but took no

corrective action, chose not to enforce their right of control and in fact, encouraged, induced,

compensated and provided incentives to their employees and/or alleged contractors, including

Defendant, Mancel Sprayberry, to violate the applicable federal, state and safety rules,

regulations and policies.

XXVI.

Defendants, Scotty Prince d/b/a Pineland Forestry Services and International Paper, knew

or should have known that their employees and/or alleged contractors, including Defendant, John

Sprayberry d/b/a JWK Logging, were reckless, unsafe, consistently violating the applicable

**PLAINTIFF'S THIRD AMENDED ORIGINAL COMPLAINT – PAGE 8 OF 14**

federal, state and safety rules, regulations and policies but took no corrective action, chose not to enforce their right of control and in fact, encouraged, induced, compensated and provided incentives to their employees and/or alleged contractors, including Defendant, John Sprayberry d/b/a JWK Logging, to violate the applicable federal, state and safety rules, regulations and policies.

### XXVII.

Defendant, International Paper, knew or should have known that their employees and/or alleged contractors, including Defendant, Scotty Prince d/b/a Pineland Forestry Services, were reckless, unsafe, consistently violating the applicable federal, state and safety rules, regulations and policies but took no corrective action, chose not to enforce their right of control and in fact, encouraged, induced, compensated and provided incentives to their employees and/or alleged contractors, including Defendant, Scotty Prince d/b/a Pineland Forestry Services, to violate the applicable federal, state and safety rules, regulations and policies.

### XXVIII.

Defendants, John Sprayberry d/b/a JWK Logging and Scotty Prince d/b/a Pineland Forestry Services, contractually assumed the duty, obligation and responsibility to furnish safe and operationally sound tractors, trailers and other transportation equipment of sufficient capacity to transport wood and equipment and to furnish licensed, insured, competent drivers to perform such work.  Defendants, John Sprayberry d/b/a JWK Logging and Scotty Prince d/b/a Pineland Forestry Services, contractually assumed the duty, obligation and responsibility to require and enforce compliance with all applicable federal, state, local and other safety rules, regulations and policies regarding the transport and delivery of wood, operation of tractors/trailers and other

**PLAINTIFF'S THIRD AMENDED ORIGINAL COMPLAINT – PAGE 9 OF 14**

transport equipment on public highways, including compliance with all size, weight and safety regulations in performance of the above-described services.  Defendants, John Sprayberry d/b/a JWK Logging and Scotty Prince d/b/a Pineland Forestry Services, were compensated for their agreement to assume such duties, obligations and responsibilities and contractually accepted the right of control over the methods, means and details of the performance of the above-described services.

XXIX.

Defendants, John Sprayberry d/b/a JWK Logging and Scotty Prince d/b/a Pineland Forestry Services, undertook, assumed and agreed to provide such services in connection with the transport and delivery of wood on public highways for compensation.  Specifically, said Defendants represented and agreed by contract that they would perform such services and in connection therewith, agreed to provide operational, safe tractors, trailers, other transport equipment, competent drivers, to require all those retained to perform such services to do so in accordance with all applicable federal, state, and safety regulations, policies and rules and that said Defendants would not and could not transfer or shift such duty, obligation and responsibility to any third parties.  Accordingly, Defendants each had a duty to use ordinary care in the performance of such services.

XXX.

At all times material thereto, Defendants, John Sprayberry d/b/a JWK Logging and Scotty Prince d/b/a Pineland Forestry Services, recognized that their duty, responsibility and obligation to perform such services with ordinary care was necessary for the protection of third persons, including but not limited to the traveling public on the highways and roads, including but not

**PLAINTIFF'S THIRD AMENDED ORIGINAL COMPLAINT – PAGE 10 OF 14**

limited to Plaintiff Davis.  Defendants failed to exercise reasonable care and thereby increased the risk of harm to the traveling public and those persons on the highways and roads were relying on Defendants and those transporting and delivering wood under them to perform such services with ordinary care.

### XXXI.

At all times material hereto, Defendant, Mancel Sprayberry, was operating the logging tractor/trailer in question while on a mission for the benefit of Defendants, John Sprayberry d/b/a JWK Logging, Scotty Prince d/b/a Pineland Forestry Services and International Paper, and was subject to the control of Defendants, John Sprayberry d/b/a JWK Logging, Scotty Prince d/b/a Pineland Forestry Services and International Paper, as to the methods, means and details of such mission.

### XXXII.

Plaintiff would respectfully show the Court that the acts and/or omissions of Defendants constituted a failure to exercise ordinary care and negligence with regard to the operation of the hereinabove described tractor/trailer and transport of the timber.  The negligent acts and/or omissions of Defendants, as described above, were a proximate cause of the hereinabove described collision and Plaintiff's resulting injuries and damages.

### XXXIII.

Plaintiff would further show the Court that the wrongful acts of Defendants constituted negligence per se with regard to the operation of the hereinabove described tractor/trailer and transport of the timber.  The negligence per se of Defendants, as described above, constituted a proximate cause of the hereinabove described collision and Plaintiff's resulting injuries and

**PLAINTIFF'S THIRD AMENDED ORIGINAL COMPLAINT – PAGE 11 OF 14**

damages.

XXXIV.

Plaintiff would further show the Court that Defendants, John Sprayberry d/b/a JWK Logging, Scotty Prince d/b/a Pineland Forestry Services and International Paper, were vicariously and derivatively liable for the negligent acts and/or omissions of Defendant, Mancel Sprayberry.

XXXV.

Plaintiff would further show the Court that Defendants, Scotty Prince d/b/a Pineland Forestry Services and International Paper, were vicariously and derivatively liable for the negligent acts and/or omissions of Defendant, John Sprayberry d/b/a JWK Logging, and his employees and drivers.

XXXVI.

Defendant, International Paper, was vicariously and derivatively liable for the negligent acts and/or omissions of Defendant, Scotty Prince d/b/a Pineland Forestry Services, and his employees and drivers.

XXXVII.

Defendants had a non-delegable duty to exercise ordinary care in the operation of the hereinabove described tractor/trailer and transport of timber.

XXXVIII.

As a result of the hereinabove described motor vehicle collision, Plaintiff, Clay Davis, sustained severe, permanent injuries and damages, not only in the past but in reasonable probability in the future which include, but are not limited to, physical pain, mental anguish, physical impairment, physical disfigurement, loss of earning capacity and reasonable and

**PLAINTIFF'S THIRD AMENDED ORIGINAL COMPLAINT – PAGE 12 OF 14**

necessary health care expenses.  The actual damages sustained by Plaintiff Davis were

proximately caused by the negligence of Defendants as described above.  The actual damages

sustained by Plaintiff Davis far exceed the jurisdictional amount of $75,000.00.

XXXIX.

Plaintiff is further entitled to recover prejudgment interest for which he seeks recovery.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Clay Davis, prays that

Defendants, Mancel Sprayberry, International Paper Company, Scotty Prince d/b/a Pineland

Forestry Services, and John Sprayberry d/b/a JWK Logging, be cited to appear herein and upon

final trial hereof that Plaintiff have judgment against Defendants, jointly and severally, for his

actual damages, prejudgment interest, post-judgment interest, costs of Court and such other and

further relief to which Plaintiff may show himself justly entitled.

Respectfully submitted,

BY:  _/s/  Roger W. Anderson_____
    ROGER W. ANDERSON
    Of Counsel
    State Bar No. 01213500
    FREEMAN MILLS PC
    12222 Merit Drive, Suite 1400
    Dallas, Texas 75251
    (214) 800-5191
    (214) 800-5190 (fax)
    randerson@freemanmillspc.com
    ATTORNEY-IN-CHARGE FOR PLAINTIFF

**PLAINTIFF'S THIRD AMENDED ORIGINAL COMPLAINT – PAGE 13 OF 14**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure on this 1st day of November, 2018.

  /s/  *Roger W. Anderson*
ROGER W. ANDERSON

**PLAINTIFF'S THIRD AMENDED ORIGINAL COMPLAINT – PAGE 14 OF 14**