IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| CLAY ALLEN DAVIS, | § | |
|---|---|---|
| *Plaintiff*, | § | |
| v. | § | CIVIL ACTION NO. 2:18-CV-00128-JRG |
| INTERNATIONAL PAPER COMPANY, MANCEL SPRAYBERRY, JOHN SPRAYBERRY D/B/A JWK LOGGING, AND SCOTTY PRINCE D/B/A PINELAND FORESTRY SERVICES, | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant John Sprayberry d/b/a JWK Logging's ("JWK Logging") Motion for Summary Judgment (the "JWK Motion"). (Dkt. No. 85.) Having considered the briefing and the relevant authorities, the Court finds that the JWK Motion should be **DENIED-IN-PART** and **GRANTED-IN-PART** for the reasons set forth below.

**I. BACKGROUND**

On November 18, 2015, Defendant International Paper Company ("IP") and Defendant Scotty Prince d/b/a Pineland Forestry Services, LLC ("Pineland") entered into a Master Wood Purchase and Service Agreement, wherein Pineland agreed to sell and IP agreed to buy raw wood for processing. (Dkt. No. 85 at 1; Dkt. No. 98 at 7–8; *see also* Dkt. No.101-3 at 1 (Master Wood Purchase and Service Agreement).) Accordingly, Pineland contracted with JWK Logging to cut and transport Pineland's wood to IP's facilities. (Dkt. No. 85 at 1–2; Dkt. No. 98 at 8–9.) JWK Logging contracted with Defendant Mancel Sprayberry ("MS") to transport Pineland's cut timber

to IP's facility in Domino, Texas (the "IP Facility"). (Dkt. No. 85 at 2, 4; *see also* Dkt. No. 98 at 10.)

On November 30, 2017, MS was driving a truck and trailer eastbound on FM 3129 and carrying timber destined for the IP Facility. (*See* Dkt. No. 98 at 5; Dkt. No. 100-2 at 50:6–22 (Deposition of Mancel Sprayberry).) Plaintiff Clay Allen Davis ("Davis" or "Plaintiff") was driving a motorcycle and traveling westbound on FM 3129. (*See* Dkt. No. 98 at 5.) MS made a left turn into the path of westbound traffic and toward an entrance to IP's mill, and Davis collided with MS's truck. (*See* Dkt. No. 98 at 5; Dkt. No. 100-2 at 50:6–22.) Davis sustained injuries including a broken neck, a crushed right arm and hand, internal injuries, and two broken legs that resulted in his right leg being amputated. (Dkt. No. 99-4 at 1 (Declaration of Clay Allen Davis).)

Davis subsequently sued MS, JWK, IP, and Pineland (collectively, "Defendants") alleging that (1) "the acts and/or omissions of Defendants constituted a failure to exercise ordinary care and negligence . . . [that] were a proximate cause of the . . . collision and Plaintiff's resulting injuries and damages," (2) "the wrongful acts of Defendants constituted negligence per se with regard to the operation of . . . [a] tractor/trailer and [the] transport of [] timber," (3) "JWK Logging, Scotty Prince d/b/a Pineland Forestry Services and International Paper, were vicariously and derivatively liable for the negligent acts and/or omissions of . . . Mancel Sprayberry," (4) "International Paper, was vicariously and derivatively liable for the negligent acts and/or omissions of . . . Scotty Prince d/b/a Pineland Forestry Services, and his employees and drivers," and (5) "Defendants had a non-delegable duty to exercise ordinary care in the operation of . . . tractor/trailer and transport of timber." (Dkt. No. 52 at 11–12 (Second Amended Complaint).)

## II. LEGAL STANDARD

Summary judgment should be granted when "the movant shows that there is no *genuine* dispute as to any *material* fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphasis added); *see also Celotex v. Catrett*, 477 U.S. 317, 322 (1986). Under this standard, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Any evidence must be viewed in the light most favorable to the nonmovant. *See id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)).

The moving party must identify the basis for granting summary judgment and identify the evidence demonstrating the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party does not have the ultimate burden of persuasion at trial, the party "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

## III. DISCUSSION

In the JWK Motion, JWK sets forth three issues to be decided by the Court:

(1) Is summary judgment appropriate in favor of JWK Logging on Davis' claims for vicarious liability for the alleged negligent acts of MS?
(2) Is summary judgment appropriate on Davis' "statutory employer" claim under 49 C.F.R § 390.5 and corresponding Texas law?

(3) Is summary judgment appropriate on Davis' common law negligence claim against JWK Logging for lack of proximate causation?

(*See* Dkt. No. 85 at 3.)

### A. Plaintiff's Vicarious Liability Claim Against JWK Logging

Under Texas law, a "general contractor can be held vicariously liable for its independent contractor's actions if [it] retains some control over the manner in which the [independent] contractor performs the work that causes the damage." *Gonzalez v. Ramirez*, 463 S.W.3d 499, 506 (Tex. 2015). However, the "general contractor 'can direct when and where an independent contractor does the work and can request information and reports about the work' without assuming vicarious liability." *Id.* (internal citation omitted). A general contractor's "right to control must be more than a general right to order work to stop and start, or to inspect progress," "must relate to the activity that actually caused the injury, and [must] grant . . . at least the power to direct the order in which work is to be done or the power to forbid it being done in an unsafe manner." *Coastal Marine Serv. of Tex., Inc. v. Lawrence*, 988 S.W.2d 223, 226 (Tex. 1999). "A possibility of control is not evidence of a 'right to control' actually retained or exercised." *Id.*

JWK Logging argues that MS is an independent contractor and is thus not an employee or agent of JWK Logging. (Dkt. No. 85 at 9.) Accordingly, JWK Logging is not vicariously liable for MS's act or omissions with respect to the collision because it did not possess or retain a contractual right to control the means, methods, or details of MS's timber hauling and trucking operations nor did it have actual control over the same. (*Id.* at 10–11.)

Plaintiff responds that JWK Logging contractually agreed that all drivers transporting timber pursuant to its contract with Pineland must obey federal, state, and safety regulations. (Dkt. No. 98 at 15–16.) When Pineland warned JWK Logging that several drivers transporting wood to IP repeatedly violated weight limits, JWK Logging was expected to, agreed to, and had the ability

4

to take corrective action. (*Id.* at 16.) Since JWK reserved the right to discipline its drivers, JWK implicitly reserved some right of control over its drivers. (*Id.* at 15–16.)

The Court finds that Plaintiff has presented evidence that could lead a reasonable jury to conclude that JWK Logging retained the right to control and direct MS's trucking operations with respect to IP. (*See* Dkt. No. 100-2 at 25:1–29:3 (Deposition of Mancel Sprayberry); Dkt. No. 100-3 15:4–22, 23:21–28:10 (Deposition of John Sprayberry); Dkt. No. 100-4 at 57:7–58:15 (Deposition of Scotty Prince).) As discussed further below, Plaintiff has also presented genuine questions of material fact as to (1) JWK Logging's status as a motor carrier and statutory employer under Texas Motor Carrier Safety Regulations ("Texas Regulations"), (2) MS's employee status under the same, and (3) consequently, JWK Logging's vicarious liability for MS's alleged negligent acts or omissions. Accordingly, the Court concludes that summary judgment is not appropriate on this issue.

B. <u>Plaintiff's Liability Claim Against JWK Logging as a Statutory Employer</u>

Statutory employment is a theory of vicarious liability created by the Federal Motor Carrier Safety Regulations ("Federal Regulations"), and Texas has adopted many—but not all—parts of the Federal Regulations. *Omega Contracting, Inc. v. Torres*, 191 S.W.3d 828, 848 (Tex. App.—Fort Worth 2006, no pet.); *accord Gonzalez v. Ramirez*, 463 S.W.3d 499, 503 (Tex. 2015) Under Texas Regulations, ultimate financial responsibility for negligent acts or omissions committed by a driver of a commercial motor vehicle that causes an accident lies with the party determined to be the "motor carrier" at the time of the accident. *Ten Hagen Excavating, Inc. v. Castro-Lopez*, 503 S.W.3d 463, 472 (Tex. App. 2016); *accord Gonzalez*, 463 S.W.3d at 503 (Tex. 2015) (citing 37 TEX. ADMIN. CODE § 4.11(a), (b)(3); 49 C.F.R. §§ 387.1, 390.3(a), 390.11, 391.1, 396.1). Texas law defines "motor carrier" as "an individual . . . or other legal entity that controls, operates, or

directs the operation of one or more vehicles that transport persons or cargo over a road or highway." TEX. TRANSP. CODE § 643.001(6); *see also* 37 TEX. ADMIN. CODE § 4.11(b)(1). "What is relevant is whether [JWK Logging] was acting as a motor carrier in the transaction at issue." *See Ten Hagen*, 503 S.W.3d at 474.

JWK argues that the Federal Regulations only apply to *inter*state carriage and thus do not apply in this case because the transportation of wood at issue involved only *intra*state carriage. (Dkt. No. 85 at 12.) JWK also argues that it is not a statutory employer of MS under Texas' definition of motor carrier because (1) JWK did not own MS's tractor-trailer, (2) JWK did not insure MS's tractor-trailer, (3) JWK did not repair MS's tractor-trailer, (4) JWK did not instruct MS as to what routes to take or how to drive to the IP Facility, and (5) MS's tractor-trailer was labeled with his company name and DOT number—not JWK Logging's. (Dkt. No. 116 ¶¶ 4–5 (citing *Gonzalez v. Ramirez*, 463 S.W.3d 499, 504 (Tex. 2015)); Dkt. No. 85 at 13.)

Plaintiff responds that MS drove exclusively for JWK Logging, providing an additional truck and trailer to the fleet of trucks and trailers that JWK owned. (Dkt. No. 98 at 13.) As with JWK Logging's employee-drivers, JWK Logging (1) directed when and where MS would pick up wood, (2) directed when and where MS was to deliver wood, (3) provided MS with permits to make the deliveries to IP's facilities, and (4) paid MS to deliver wood to IP at the time of collision. (*Id.* at 13–15 (citing *Ten Hagen Excavating, Inc. v. Castro-Lopez*, 503 S.W.3d 463, 475 (Tex. Civ. App.—Dallas 2016, pet. denied).) When JWK Logging agreed to the same representation, duties, and responsibilities that Pineland contracted with IP, JWK Logging did not claim that it would not or could not comply with those obligations or that it had no control over the drivers performing transportation services on its behalf. (Dkt. No. 95 at 13–14.)

In light of Plaintiff's failure to present evidence in its Response that the Federal Regulations apply in this case, the Court finds that JWK Logging is not a statutory employer of MS under Federal Regulations. However, Plaintiff has presented evidence that raises a genuine question of material fact as to JWK Logging's status as a statutory employer under Texas Regulations. Specifically, whether JWK Logging's control over MS was indistinguishable from JWK Logging's relationship with other drivers that it employs and trucks that it owns. (*See* Dkt. No. 98 at 15; Dkt. No. 100-2 at 14:4–25, 17:24–18:7, 25:1–29:3, 30:7–37:10, 40:20–41:22 (Deposition of Mancel Sprayberry); Dkt. No. 100-3 at 9:15–10:24, 15:4–16:3, 19:16–22:9, 23:21–28:10, 30:14–32:25, 36:5–38:8, 39:11–40:4 (Deposition of John Sprayberry).) *See Sharpless v. Sim*, 209 S.W.3d 825, 830 (Tex. App.—Dallas 2006, pet. denied) ("Regardless of the type of relationship between the carrier and the driver, however, the carrier is not excused from the regulations that treat the driver as a statutory employee for purposes of liability to the general public."). Accordingly, the Court finds that a reasonable jury could conclude that JWK Logging "control[led], operate[d], or direct[ed] the operation of [MS's] vehicle[] that transport[ed] . . . cargo over a road or highway in this state," and would therefore be a motor carrier subject to statutory employer liability under Texas Regulations. *See* TEX. TRANSP. CODE § 643.001(6).

  C. <u>Plaintiff's Common Law Negligence Claim Against JWK Logging</u>

JWK Logging argues that the evidence shows that it did not proximately cause Plaintiff's injury. (Dkt. No. 85 at 16.) At the time of the collision, MS's trucking equipment was in good working order, JWK had not negligently loaded MS's tractor-trailer, and MS's tractor-trailer was under its weight limit of 84,000 lbs. (*Id.*; Dkt. No. 116 ¶ 8.)

Davis responds that JWK Logging failed to use reasonable care to exercise its right of control over MS to ensure that he complied with all federal, state, and safety regulations. (Dkt.

No. 98 at 20 (citing TEX. TRANS. CODE §§ 545.103 and 545.152).) If JWK had used reasonable care to exercise its right of control and discipline MS for driving overweight loads, MS would not have been driving the day of the accident or would have been a better driver. (Dkt. No. 98 at 18.)

While JWK Logging's failure to discipline MS could have conceivably fostered an environment giving rise to MS's allegedly negligent acts or omissions as related to the collision, this hypothetical link is too tenuous to be a proximate cause for Plaintiff's injury. *See Paroline v. United States*, 572 U.S. 434, 445 (2014) ("A requirement of proximate cause thus serves, *inter alia*, to preclude liability in situations where the causal link between conduct and result is so attenuated that the consequence is more aptly described as mere fortuity."). Accordingly, Plaintiff has failed to present evidence of a genuine dispute of material fact that JWK's separate acts or omissions proximately caused Davis' injuries.

### IV. CONCLUSION

For the reasons discussed above, the Court hereby **DENIES** the JWK Motion for summary judgment as to Plaintiff's claims against JWK Logging for vicarious liability and statutory employer liability under Texas Regulations. However, the Count **GRANTS** the JWK Motion for summary judgment in favor of JWK Logging as to Plaintiff's claims for statutory employer liability under Federal Regulations and common law negligence.

**So ORDERED and SIGNED this 14th day of January, 2019.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE